No. 74–5911.   DACHSTEINER *v.* UNITED STATES.   C. A. 9th Cir.   Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEW- ART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the United States District Court for the Northern District of California of using the mails to distribute allegedly obscene materials in violation of 18 U. S. C. § 1461, which provides in per- tinent part as follows:

> "Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance; . . .

> .        .        .        .        ˗

> "Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

> "Whoever knowingly uses the mails for the mail- ing . . . of anything declared by this section . . . to be nonmailable, . . . shall be fined not more than $5,000 or imprisoned not more than five years . . . ."

The Court of Appeals for the Ninth Circuit affirmed.

I adhere to my dissent in *United States* v. *Orito*, 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1461, I expressed the view that "[w]hatever the extent of the Federal Govern- ment's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such ma- terial to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face."   413 U. S., at 147–148.   For the reasons stated in my dissent in *Miller* v. *California*, 413 U. S. 15, 47 (1973), I would

therefore grant certiorari, and since the judgment of the Court of Appeals for the Ninth Circuit was rendered after *Orito,* reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.